IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Zaatnure Xi-Amaru, | ) | Case No. 8:26-cv-00578-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jeffrey Keith Trahan and Dennis C. | ) | |
| Bannister, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On February 12, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and without issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. ECF No. 12.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal of Plaintiff's complaint because Defendant Bannister is entitled to judicial immunity, Plaintiff's allegations are rooted in sovereign citizen theory, some of Plaintiff's claims are barred by

2

*Heck*,[1] abstention is appropriate under *Younger*,[2] and the *Rooker-Feldman*[3] doctrine applies. Because Plaintiff filed objections, the Court's review has been de novo.

In his objections, Plaintiff argues that Defendant Bannister is not immune from suit because his actions are shocking to the human conscience, Defendants are banned from federal court for failure to follow the Real ID Act, he stated clear causes of action, he has been maliciously prosecuted, the car was registered to a different name than the person the tickets were written to, he did not receive a summons, there is no evidence to convict

---

[1] In *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 481.

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

[3] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. Of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

him, his car caught on fire and his documents were taken, *Heck* and *Younger* do not apply in this case, and his Due Process rights have been violated. ECF No. 12. He further makes various claims sounding in sovereign citizen theory. *Id.*

With respect to judicial immunity, there is no indication that Defendant Bannister took any actions outside of his jurisdiction as a judicial officer. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). Accordingly, he is entitled to judicial immunity.

Next, the Court agrees with the Magistrate Judge that significant portions of Plaintiff's complaint and the objections concern sovereign citizen theories that fail to form any legal basis for plausible constitutional claims.

Plaintiff's challenges to the charges arising out of the traffic stop which led to his conviction and sentencing are barred by *Heck*. As explained in more detail in the Report, Plaintiff was found guilty on certain charges that he asserts were improper; however, there has been no favorable determination on the merits of these charges. Accordingly, these claims have not yet accrued and are subject to summary dismissal.

Moreover, abstention is appropriate under *Younger* to the extent Plaintiff has an ongoing appeal in the state courts. Here, there appear to be ongoing state proceedings that implicate important state interests and there is an adequate opportunity to raise federal claims in the state proceedings. Accordingly, abstention is appropriate.

To the extent Plaintiff requests that this Court circumvent state court rulings, the Court may not do so pursuant to the *Rooker-Feldman* doctrine. Accordingly, these claims are subject to summary dismissal.

With respect to the Magistrate Judge's analysis of whether Plaintiff has failed to state a plausible claim upon which relief has been granted, the Court agrees that he has not; however, in the interests of judicial economy, the undersigned dispenses with a discussion of this section because the complaint is subject to summary dismissal as set forth above and in more detail in the Report. As to any claims not specifically addressed herein, the Court finds that Plaintiff has failed to allege sufficient facts to support his claims; accordingly, they are subject to summary dismissal.

## **CONCLUSION**

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 10, 2026
Spartanburg, South Carolina

### **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.